IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. SA-13-CA-102-XR |
| | § | |
| THE CITY OF SAN ANTONIO, et al. | § | |
| | § | |
|    Defendants. | § | |
| | § | |

**ORDER**

On this date, the Court considered Defendants' partial motion to dismiss the official capacity claims against William McManus, Chief of the San Antonio Police Department, and Officer Jackie Len Neal. Doc. No. 23. After careful consideration, the Court GRANTS the motion. Plaintiff's claims against McManus and Neal in their individual capacities, as well as her claims against the City of San Antonio, remain.

**DISCUSSION**

On January 30, 2014, Plaintiff filed an original complaint under 42 U.S.C. § 1983 against: (1) Officer Neal, individually and in his official capacity, (2) Chief McManus, individually and in his official capacity; and (3) the City of San Antonio. Doc. No. 1. On March 21, 2014, Defendants filed this partial motion to dismiss the official capacity claims against McManus and Neal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. No. 23.

Under Rule 12(c), a motion for judgment on the pleadings must be sought "[a]fter the pleadings are closed--but early enough not to delay trial." FED. R. CIV. P. 12(c). "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Great Plains Trust Co. v. Morgan Stanley Dean Witter*

*& Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Defendants argue that Plaintiff's official capacity claims against McManus and Neal are duplicative with her claim against the City.  Doc. No. 23.  Lawsuits filed against government employees in their official capacity are considered "suits against the government entity." *Lewis v. Pugh*, 289 F. App'x 767, 771 (5th Cir. 2008) (citation omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  The law operates in this fashion because a judgment against a public employee serving in his or her official capacity imposes liability upon the government entity that the employee represents.  *See Clark v. La Marque I.S.D.*, 184 F. Supp. 2d 606, 612 (S.D. Tex. 2002) ("It is well settled that a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents.") (citations omitted), *aff'd,* 54 F. App'x 412 (5th Cir. 2002).

Accordingly, claims brought against a municipal employee in his or her official capacity are redundant with claims brought against the municipal entity itself.  Moreover, these claims should be merged if doing so will not prejudice the rights of the plaintiff.  *See Pugh*, 289 F.

App'x at 771 ("[O]fficial-capacity suits should be treated as suits against the government entity; therefore [Plaintiff's] claims against [Defendant] in his official capacity merge with her claims against the City."). In this case, Plaintiff has not alleged any official capacity claims against McManus and Neal that are legally distinct from her claims against the City. In other words, Plaintiff will not be prejudiced by dismissing the official capacity claims against McManus and Neal because these claims merge with her ongoing lawsuit against the City.

## CONCLUSION

In light of the foregoing analysis, the Court GRANTS Defendants' partial motion to dismiss Plaintiff's claims against Defendants McManus and Neal in their official capacities only. Doc. No. 23. Plaintiff's claims against McManus and Neal in their individual capacities remain, as does her claim against the City of San Antonio.

SIGNED this 1st day of April, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE