IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-102-XR |
| | § | |
| THE CITY OF SAN ANTONIO, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day the Court considered Defendants' motion for protective order (docket no. 45).  For the following reasons, the Court DENIES the motion.

**I.      BACKGROUND**

Plaintiff Jane Doe accuses Jackie Neal, now a former San Antonio Police Department ("SAPD) officer, of rape in connection with a traffic stop.  Plaintiff brings a claim under 42 U.S.C. § 1983 against Neal and the City of San Antonio (the "City").  She also brings a claim for supervisory liability against SAPD Police Chief William McManus, claiming he knew Neal was a danger as he had already been suspended for sexually inappropriate conduct with a high school student he mentored in an after-school program called the Police Explorer Program (the "Program").

Plaintiff specifically alleges Neal participated in the Program as a mentor, where he interacted with high school students interested in careers in law enforcement.  Eventually, against the Program's policy, Neal began a sexual relationship with an 18-year-old program participant.  Two years later, Neal rekindled his relationship with the former participant until it

1

was discovered by the SAPD.  Neal admitted the relationship.  The Police Chief's Advisory Action Board (the "CAAB") investigated and made various disciplinary recommendations to Chief McManus.  McManus doled out the discipline: a three-day suspension, removal from the Program, and changing Neal's day-to-day responsibilities.  Plaintiff's Original Complaint contains allegations about Neal's conduct in the Program to argue the City and Chief McManus has a custom or policy that tolerates or leads to inappropriate sexual conduct by officers to further the § 1983 claim. Allegations about the Program could also serve to demonstrate McManus's knowledge about Neal's potential for bad behavior.

The parties are in discovery.  Defendants sought a protective order quashing notices of deposition for 1) Deputy Chief Tony Muro, 2) Captain Anthony Marian, and 3) Lieutenant Gustavo Diaz.   The three men were members of the CAAB that made disciplinary recommendations regarding Neal's conduct in the Program.

The Court gave an oral order denying the protective order at a hearing on the motion on October 29, 2014.  This written order further explains the oral order.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) permits parties to discover any material that is relevant to the subject matter of the case and is not privileged.  FED. R. CIV. P. 26(b). Additionally, "the information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Federal common law of privileges controls in federal question cases.  FED. R. EVID. 501; *United States v. Zolin*, 491 U.S. 554, 562, 109 S. Ct. 2619, 2625–26 (1989); *Willy v. Admin. Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005).

### III.     ANALYSIS

Defendants object to the noticed depositions arguing: 1) CAAB deliberations are covered by the deliberative process privilege; 2) testimony relating to the Program relationship is irrelevant to the case; and 3) the testimony of the CAAB members would be duplicative and redundant of that already taken from Chief McManus.

The Court first considers Defendants' contention that the CAAB deliberations are protected by the deliberative process privilege. The deliberative process privilege is a privilege recognized by federal courts in federal question cases. *See Soto v. City of Concord*, 162 F.R.D. 603, 612 (N.D. Cal. 1995); *Williams v. City of Boston*, 213 F.R.D. 99, 101-02 (D. Mass. 2003). The court finds that there is a common law deliberative process privilege. *See Swartwood v. Cnty. of San Diego*, No. 12CV1665-W BGS, 2013 WL 6670545, at *4 (S.D. Cal. Dec. 18, 2013). "The purpose of the privilege is to protect the decision-making process from the inhibiting effect that disclosure of predecisional advisory opinions and recommendations might have on the 'frank discussion of legal or policy matters' in writing." *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982) (discussing the statutorily created deliberative process privilege in the Freedom of Information Act) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). In this case it is undisputed that the information sought is predecisional and deliberative because the CAAB made recommendations to Chief McManus, who ultimately made the final decision on Neal's punishment.

The privilege, however, is qualified; not absolute. *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Plaintiff may discover the information and take the depositions if her "need for the materials and the need for accurate fact-finding override the government's

3

interest in non-disclosure." *F.T.C.*, 742 F.2d at 1161.  Courts consider any number of factors when determining if the deliberative process privilege ultimately protects the information sought:

> "1) the relevance of the evidence; (2) the availability of other evidence, (3) the government's role in the litigation, (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions . . . (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law."

*N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003) (citing *United States v. Irvin*, 127 F.R.D. 169, 173 (C.D. Cal. 1989) (collecting cases to arrive at eight factors)); *King v. Conde*, 121 F.R.D. 180, 191 (E.D. N.Y. 1988) (discussing federal common law privileges like the deliberative process privilege in the context of lawsuits against police departments, adding three more factors: 1) threat to police officer safety, 2) invasion of police officers' privacy, which is not substantial, and 3) "weakening of law enforcement programs"); *see also Swartwood*, 2013 WL 6670545, at *4 (holding the privilege did not protect a child welfare services agency's internal investigation from discovery in a § 1983 lawsuit after balancing six of the factors listed in *City of Pacifica*).

Though the issue has never been directly addressed in the Fifth Circuit, courts across the country have shown the privilege is inappropriate to protect information from internal affairs investigations in § 1983 cases against police departments and cities.  *See, e.g.*, *Soto*, 162 F.R.D. at 612 (applying the first four factors in *City of Pacifica*); *Williams*, 213 F.R.D. at 101–02 (citing *Soto* and noting the *King* court's finding that disclosure would have little "chilling" effect).  In *Soto*, the court held that the deliberative process privilege should not apply to a police department's internal affairs investigation and witness statements made to the police department

because those statements did not "contribute to the formulation of important public policy." 162 F.R.D. at 612 (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (N.D. Cal 1987). Similarly, the *Williams* court held that protecting the results of an internal affairs investigation from discovery "offend[ed] the basic notions of openness and public confidence in our system of justice." 213 F.R.D. at 102 (citing *Soto*). With this background, the Court applies the multi-factor balancing test to the instant case.

First, the evidence sought by Plaintiff here is relevant. Defendants argue Neal's previous conduct and discipline related to the Program are irrelevant to this case. Defendants argue "fraternization and insubordination" are "conduct wholly different from criminal sexual assault." As they put it, Plaintiff is alleging a "pattern and practice of sexual assault" that is "the custom or policy of" the City, and the Program incident is irrelevant to that determination. Plaintiff argues the deliberations over Neal's punishment after the Program relationship is relevant to the policy or custom at SAPD for the § 1983 claim against the City, and it is relevant to Chief McManus's knowledge for the supervisory liability claim. The Court finds that the substance of the deliberations, i.e. what documents and prior conduct the CAAB considered, why the CAAB considered those documents and prior conduct but not others, what policies guided the CAAB's determinations and recommendations, etc., might all be relevant to either Plaintiffs' § 1983 or supervisory liability claims. *See Swartwood*, 2013 WL 6670545, at *4. The first factor weighs in favor of allowing the depositions.

Second, comparable evidence is not available from alternative sources. Defendants argue that, to the extent the depositions are relevant, they would be duplicative of Chief McManus's testimony. The Court disagrees. Chief McManus was not present for the CAAB deliberations, and cannot testify to what policies, documents, and prior conduct was considered by the CAAB.

He cannot testify to why those policies or documents were considered or given credence while others were not. As discussed above, depositions from the CAAB participants might provide unique evidence to support the § 1983 claim against the City. The second factor weighs in favor of disclosure as well.

Third, the government, here the City, has a prominent role as a party in this case. *See Swartwood*, 2013 WL 6670545, at *4. Fourth, the chilling effect on internal investigations may be concerning, but is minimal. *Williams*, 213 F.R.D. at 102. CAAB members sign confidentiality agreements, and the CAAB process is collectively bargained to be performed in secret. Discovery of these proceedings could have some chilling effect on future investigations. However, the City does not articulate how CAAB members may be "chilled" in the performance of their investigations, nor how disclosure may impact future investigations.[1] Thus the chilling effect does not weigh heavily against disclosure. *See King*, 121 F.R.D. at 191; *Soto*, 162 F.R.D. at 612 (explaining the interest in avoiding chilling is relevant, but "does not outweigh Plaintiff's need for the information"). On these four factors, the Court finds the deliberative process privilege does not protect the CAAB members from being deposed in connection with their deliberations and recommendations regarding Neal.

The Court also finds the other four factors cited in *City of Pacifica* weigh in favor of disclosure: 1) disclosure of the documents benefits the interest of the litigant and society because it will lead to a more accurate judicial finding; 2) the seriousness of the litigation and the issues presented are of the utmost importance in a § 1983 case where a police officer is accused of raping a citizen while on duty; 3) governmental misconduct is alleged due to the custom or

---

[1] The collective bargaining agreement and the confidentiality agreement setting out the CAAB process specifically contemplate cooperating with the civil judicial process and discovery. The confidentiality agreement "should not be interpreted to impair or affect the right of any member of the [CAAB] to make a report of facts . . . or to testify under subpoena, the rules of discovery or the order of any court." Docket no. 45-6; docket no. 45-4 at 9 (the collective bargaining agreement).

policy that might fail to prevent sexual misconduct; 4) and there is a deep federal interest in enforcing § 1983 claims.  All those factors point in favor of allowing discovery of the internal investigation conducted by the Defendants in this case.

The three additional factors mentioned in *King* as weighing in favor of protecting internal investigations in § 1983 cases against police departments have little bearing on this case and do not outweigh the factors already found to be in favor of Plaintiff.  *See* 121 F.R.D. at 191-93 (holding these factors were insignificant and the information should be disclosed due to the weight of the factors in favor of disclosure).  There is no threat to Neal or any CAAB officer's safety.  The threat to Officer Neal's privacy by perhaps discussing his personnel file is also minimal, if not non-existent.  This particular disclosure does not weaken police programs because it will not lead to the publication of police tactics or other sensitive information that threatens public safety.  Lastly, the Court also does not agree that depositions relating to the Program are irrelevant, or that the testimony from the CAAB members would be duplicative or redundant to Chief McManus's deposition, for the reasons stated above.

It is so ORDERED.

SIGNED this 17th day of November, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE