IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE[1], | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CA-102-XR |
| | § | |
| JACKIE "JACK" LEN NEAL, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**ORDER**

On this date, the Court considered Plaintiff's motion for attorney's fees. For the reasons discussed below, the Court finds that additional evidence is necessary to resolve the motion for attorney's fees (docket no. 72). The Court will postpone ruling on the motion until it receives additional information, including a reasonable lodestar estimate, which Plaintiff must file on or before July 13, 2015.

**I.    BACKGROUND**

Plaintiff initially filed her complaint under 42 U.S.C. § 1983 against the City of San Antonio, the Police Chief of the San Antonio Police Department (SAPD), and former SAPD officer Jackie Neal on January 30, 2014, alleging Neal sexually assaulted her during a traffic stop. Docket no. 1. Plaintiff's claims against the City and the Police Chief have been settled and dismissed. Docket no. 65. Neal was properly served with a copy of the Complaint and Summons, but failed to answer the lawsuit. The Clerk of Court filed an entry of default against Neal on March 19, 2014. Docket no. 19. Plaintiff filed a motion for default judgment

---

[1] Because this case involved the sexual assault of the Plaintiff, Plaintiff was given leave to file this case under the name Jane Doe. Her true identity is reflected in docket no. 24, which is filed under seal.

against Neal on May 14, 2015. Docket no. 67.  The Court held an evidentiary hearing on the motion for default judgment on June 11, 2015.  The Court granted Plaintiff's motion for default judgment on her § 1983 claim against Neal for violation of Plaintiff' Fourth Amendment rights based on the evidence presented at the hearing on June 12, 2015.  Docket no. 70.

The Court awarded Plaintiff damages in the amount of: $40,000 for future medical treatment, $750,000 for mental anguish, $334,318 in actual and future lost earnings, $15,522 damages in the form of re-enrollment fees to re-enroll in her medical assistant program and $1,478 in past medical expenses.  Plaintiff was also awarded $1,000,000 in punitive damages.  Accordingly, Plaintiff received a total award of $2,141,318.  Docket no. 70, p. 6–8.

In its Order granting Plaintiff's motion for default judgment, the Court instructed Plaintiff to file a motion for attorney's fees pursuant to 42 U.S.C § 1988, providing documentation in support of her request.  Plaintiff submitted her motion for attorney's fees on June 18, 2015.  Docket no. 72.

## II.   ANALYSIS

Plaintiff's motion for attorney's fees requests $200,000, a downward departure from the 40% contingency fee agreement that the parties entered based on the Court's award of more than $1 million. Docket no. 72, p. 2.  The motion included information about Plaintiff's counsel's activities during discovery, including depositions, and the employment of experts. *Id*.  Plaintiff's counsel, Tim Maloney, executed an affidavit that discussed his qualifications and expressed his opinion that the 40% contingency fee entered by the parties is fair and reasonable as is the $200,000 the Plaintiff requests in attorney's fees.  *Id*. at p. 5, Ex. A.

Additionally, Maloney stated that he spent $25,006.53 prosecuting the case, and attached an exhibit to the affidavit ("Itemization of Court Costs"). *Id*.[2]  Additionally, Maloney stated:

> The fees I charged are those customarily charged in this area for the same or similar services by an attorney with my experience, reputation, and ability, considering the nature of the controversy, the time limits imposed, the results obtained compared with results in similar cases, and the nature and length of my relationship with Plaintiff.

*Id*. Ex. A.  However, the affidavit did not include an estimate "lodestar" calculation as a check or measure of the reasonableness of the requested fees.

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses, but Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010); *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983).  Section 1988 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.  However, the statute does not explain what Congress meant by a "reasonable" fee. *Id*. The method favored by the United States Supreme Court to determine the reasonableness of fees is the "lodestar" approach, which has become the "guiding light of our fee-shifting jurisprudence." *Gisbrecht v. Barnhart,* 535 U.S. 789, 801 (2002) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).  Accordingly, the Local Rules of the Western District of Texas require a party seeking attorney's fees to submit a lodestar calculation to this Court. *See* W.D. Tex. Local Rule CV-7(j).

While the Supreme Court has favored "the lodestar approach" when determining a "reasonable fee," this approach does not automatically invalidate contingency-fee agreements between attorneys and clients. *Venegas v. Mitchell,* 495 U.S. 82, 90 (1990).  In *Venegas,* the

---

[2] The itemization of costs, however, only included $9,339.42 in deposition, serving, and filing fees. *Id*. Ex. 1.

Supreme Court held that 42 U.S.C. § 1988 did not bar enforcement of a contingent fee provision. "[Section] 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the "reasonable attorney's fee" that a defendant must pay pursuant to a court order." *Id.* (holding the plaintiff owed his attorney the contingency fee total, $406,000, despite the reasonable amount ordered paid to him by the defendant for attorney's fees under § 1988 was only $117,000).

The computation of reasonable attorneys' fees involves a three step process even in the contingency fee context: (1) determine the nature and extent of the services provided by Plaintiff's counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974); *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F .2d 1087, 1092 (5th Cir. 1982). Steps one and two result in a computation of the "lodestar" amount. The twelve *Johnson* factors for step three are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson,* 488 F.2d at 717–719.

Both the hours worked and the hourly rate must be reasonable, and the Court considers only the hours spent on the successful claims. *See Hensley,* 461 U.S. at 433–34 (holding that the most useful starting point for determining reasonableness of fees is the reasonable number of hours spent multiplied by a reasonable hourly rate); *see also Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (holding that the most critical factor in determining the reasonableness of a fee award in a civil rights suit is the degree of success obtained).

In the final step, the lodestar is adjusted on the basis of the other factors enumerated in *Johnson*. That is, once the basic fee is calculated, the Court may adjust the amount upward or downward. This adjustment is made by applying the factors identified in *Johnson*. Rarely are all factors applicable, however, and a trial court may give them different weights. *See Hensley,* 461 U.S. at 433–34.

Without any information regarding the nature and extent of the services provided by counsel and the customary fees associated with that work, the Court has no baseline to determine the reasonableness of the $200,000 in attorney's fees requested by the Plaintiff. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (holding that contingency fee is a factor in determining reasonableness, but the "centerpiece" to determining reasonableness, and ultimately the award amount, is the lodestar estimate; reversing the circuit court's decision to limit the attorney's fees award to plaintiff from defendant to the contingency agreed rate of 40%); *Gisbrecht*, 535 U.S. at 808 (holding that a court may require a claimant's attorney to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent fee cases as an aid for the court's assessment of reasonableness for what defendant owes the plaintiff for attorney's fees).

The affidavit provided by counsel stating that the 40% contingency fee is customary based on his experience and the nature of the case is not sufficient, on its own, to provide the court with a baseline to judge the reasonableness and fairness of the fee. *Gisbrecht*, 535 U.S. at 808. Although the amount Plaintiff requests is a downward departure from the 40% contingency fee agreed to by the parties, that is only evidence of reasonableness. Plaintiff has failed to provide the Court with adequate information to determine if this amount is fair and reasonable under the lodestar approach.

Therefore, Plaintiff is ordered to provide more information to help the Court analyze the request using the *Johnson* steps and factors, including a lodestar estimate, with details regarding counsel's regular non-contingency rate, the ordinary non-contingency rate for similarly experienced attorneys in San Antonio, evidence of hours spent on the case broken down by task to provide a basis for an estimate of hours spent on the case, and any other information Plaintiff's counsel deems appropriate to support the $200,000 request.

### III.   CONCLUSION

The Court finds that additional evidence is necessary to resolve the motion for attorney's fees (docket No. 72). The Court will postpone ruling on the motion for attorney's fees until it receives a reasonable lodestar estimate, which must be filed on or before July 13, 2015. This submission should be supported by affidavits and documentation supporting the lodestar estimate and any other information Plaintiff's counsel deems appropriate to include given the *Johnson* steps and factors.

It is so ORDERED.

SIGNED this 30th day of June, 2015.

                                                                                                                     XAVIER RODRIGUEZ
                                                                                                                     UNITED STATES DISTRICT JUDGE