UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No. 5:14-CV-00102-XR |
| ) | |
| JACKIE "JACK" LEN NEAL, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

# ORDER

On this date, the Court considered the Plaintiff's Motion for Attorney's Fees (docket no. 72) and First Supplement to Motion for Attorney Fees (docket no. 76). Plaintiff asserts that she is the prevailing party in this 42 U.S.C. § 1983 civil rights claim and is therefore entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). For the reasons discussed below, the Court GRANTS in part and DENIES in part Plaintiff's motion. Plaintiff will be awarded $17,325.00.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed her complaint under 42 U.S.C. § 1983 against the City of San Antonio, the Police Chief of the San Antonio Police Department (SAPD), and former SAPD officer Jackie Neal on January 30, 2014, alleging Neal sexually assaulted her during a traffic stop. (Docket no. 1). Plaintiff's claims against the City and the Police Chief have been settled and dismissed. (Docket no. 65). Neal was properly served with a copy of the Complaint and summons, but failed to answer

the lawsuit. The Clerk filed an entry of default against Neal at Plaintiff's request on March 19, 2014. (Docket no. 19). Plaintiff filed a motion for default judgment against Neal on May 14, 2015. (Docket no. 67). The Court held an evidentiary hearing on the motion for default judgment on June 11, 2015. The Court granted Plaintiff's motion for default judgment on her § 1983 claim against Neal for violation of Plaintiff's Fourth Amendment rights based on the evidence presented at the hearing on June 12, 2015. (Docket no. 70).

The Court awarded Plaintiff damages in the amount of: $40,000 for future medical treatment, $750,000 for mental anguish, $334,318 in actual and future lost earnings, $15,522 damages in the form of re-enrollment fees to re-enroll in her medical assistant program and $1,478 in past medical expenses. Plaintiff was also awarded $1,000,000 in punitive damages. Accordingly, Plaintiff received a total award of $2,141,318. (Docket no. 70, p. 6-8).

In its Order granting Plaintiff's motion for default judgment, the Court instructed Plaintiff to file a motion for attorney's fees pursuant to 42 U.S.C. § 1988 and to provide documentation in support of her request. Plaintiff submitted her initial motion for attorney's fees on June 18, 2015. (Docket no. 72). The Court postponed ruling on that motion because Plaintiff did not provide enough information for the Court to make an accurate lodestar calculation. (Docket no. 75). The court ordered Plaintiff:

> . . . to provide more information to help the Court analyze the request using the Johnson steps and factors, including a lodestar estimate, with details regarding counsel's regular non-contingency rate, the ordinary non-contingency rate for similarly experienced attorney in San Antonio, evidence of hours spent on the case broken down by task to provide a basis for an estimate of hours spent on the case, and any other information Plaintiff's counsel deems appropriate to support the $200,000 request.

(*Id*., p. 6). Plaintiff submitted her supplemental information to the motion for attorney's fees on July

2

13, 2015. (Docket no. 76).

## II. LEGAL STANDARD

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses, but Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010); *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983). The Civil Rights Act allows this Court, at its discretion, to grant attorney's fees to the prevailing party, stating, "In any action to enforce provision of [section 1983] of this title, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of its costs." 42 U.S.C. § 1988(b). Reasonable fees for the work of paralegals and law clerks are also compensable under 42 U.S.C. § 1988(b). *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 289 (1989). However, "[p]aralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001).

The statute does not explain what Congress meant by a "reasonable" fee. *See* 42 U.S.C. § 1988(b). The method favored by the United States Supreme Court to determine the reasonableness of attorney's fees is the "lodestar" approach, which has become the "guiding light of our fee-shifting jurisprudence." *Gisbrecht v. Barnhart,* 535 U.S. 789, 801 (2002) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Accordingly, the Local Rules of the Western District of Texas require a party seeking attorney's fees to submit a lodestar calculation to this Court. *See* W.D. Tex. Local Rule CV-7(j).

While the Supreme Court has favored "the lodestar approach" when determining a "reasonable fee," this approach does not invalidate contingency-fee agreements between attorneys and clients. *Venegas v. Mitchell,* 495 U.S. 82, 90 (1990). In *Venegas,* the Supreme Court held that

42 U.S.C. § 1988 did not bar enforcement of a contingent fee provision. "[Section] 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order." *Id*. Thus, though the lodestar approach does not invalidate contingency-fee agreements between plaintiffs and their attorneys, those agreements have little to no bearing on the calculation of the reasonable attorney's fees that defendants may be ordered to pay. *See id.* (holding the plaintiff owed his attorney the contingency fee total, $406,000, despite the reasonable amount ordered paid to him by the defendant for attorney's fees under § 1988 being only $117,000).

The computation of reasonable attorney's fees involves a three step process: (1) determine the nature and extent of the services provided by Plaintiff's counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974); *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F .2d 1087, 1092 (5th Cir. 1982). The twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson,* 488 F.2d at 717–719.

Steps one and two are a computation of the "lodestar" amount. Both the hours worked and the hourly rate must be reasonable, and the Court considers only the hours spent on the successful

claims. *See Hensley,* 461 U.S. at 433–34 (holding that the most useful starting point for determining reasonableness of fees is the reasonable number of hours spent multiplied by a reasonable hourly rate - the lodestar).

In the final step, the lodestar can be adjusted on the basis of the other factors enumerated in *Johnson*. That is, once the basic fee is calculated, the Court may adjust the amount upward or downward. This adjustment is made by applying the factors identified in *Johnson*. Rarely are all factors applicable, however, and a trial judge may give them different weights. *See Hensley,* 461 U.S. at 433–34.

### III. ANALYSIS

In her motion for attorney's fees, Plaintiff has requested $200,000. (Docket no. 72). This amount includes: (1) $54,337.50 charged by the attorney in the case for 155.25 billed hours at a rate of $350/hour, (Docket nos.; 76-1, 76-2, and 76-3); (2) $1,539 charged for work by the attorney's legal assistant in the case, 51.3 billed hours at a rate of $30/hour, (*Id*.); and (3) $9,990 charged for work by the attorney's paralegal in the case, 133.2 billed hours at a rate of $75/hour. (*Id*.) Thus, Plaintiff's lodestar amount is $65,866.50. Plaintiff calculated those numbers by itemizing how much time the attorney, legal assistant, and paralegal each spent on each of the documents in the docket, each discovery activity, and each deposition. (*Id*.)

The remainder of the requested attorney's fees are apparently justified by the contingency agreement between Plaintiff and the attorney and by the *Johnson* factors. (*See* Docket no. 76). In order to determine whether $200,000 is reasonable, the Court will analyze Plaintiff's lodestar calculation and application of the *Johnson* factors.

**A. Lodestar Calculation** – **Nature and Extent of Services**

To calculate the lodestar amount, the Court must first calculate the number of reasonably compensable hours spent on the case. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). This calculation rests on whether the total number of hours claimed is reasonable and whether the specific hours claimed were reasonably expended. *Alberti v. Klevenhagen*, 896 F.2d 927, 933-34 (5th Cir. 1990). Excessive or duplicative time must be eliminated. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The burden to demonstrate the reasonableness of the hours spent is on the fee applicant. *Kellstrom*, 50 F.3d at 324. In addition, a plaintiff is required to show that billing judgment was exercised in arriving at the amount of attorneys' fees claimed. *Walker v. HUD*, 99 F.3d 761, 769 (5th Cir. 1996).

The work of paralegals, law clerks, and legal assistants is compensable under 42 U.S.C. § 1988. *Missouri*, 491 U.S. at 289. However, "[p]aralegal work can only be recovered as attorney's fees if the work is legal rather than clerical. *Vela*, 276 F.3d at 681. Otherwise, "paralegal expenses are separately unrecoverable overhead expenses." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). In a staff of three people - the attorney, the paralegal, and the legal assistant - the legal assistant was likely performing administrative, secretarial, and other clerical duties, and Plaintiff does not meet her burden to show otherwise with the evidence she offered into the record. Thus, the legal assistant's work is "unrecoverable overhead" and is not compensable in this case. *See id*. The work of the paralegal, however, appears to have been on substantive legal issues and will be recompensed accordingly. *See Missouri*, 491 U.S. at 289; *see also Vela*, 276 F.3d at 681.

Only time spent pursuing a judicial remedy, a judgment on the merits or the equivalent of a court-ordered consent decree, can confer "prevailing party" status. *See Buckhannon Bd. And Care*

6

*Home, Inc.*, *v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 606 (2001) (explaining that "prevailing party" status "requires a judicial *imprimatur*" on the result obtained). There was no judgment on the merits of the claims against the City of San Antonio and the SAPD Police Chief or any other judicial pronouncement; those claims were settled outside of court and dismissed, so Plaintiff cannot claim "prevailing party status" for purposes of recovering attorney's fees for those claims. *Id.*; (Docket no. 65). Additionally, the motion under consideration is for an award against Neal and no one else. (*See generally* Docket no. 76). Thus, the Court declines to award attorneys' fees for time spent pursuing the claims against the City of San Antonio and the Police Chief of the SAPD.

The Court finds that many of the following items provided in Plaintiff's Exhibits 1-3 of the supplement to the motion for attorney's fees (Docket no. 76, Ex. 1-3), pertain only to the claims against the City of San Antonio and the SAPD Police Chief and may not be included in the lodestar calculation. Removing those, the Court will only award attorney's fees for the following items:

In Exhibit 1, all work on docket numbers: 1-2, 4, 10-19, 24, 54-55, and 66-75. (Docket no. 76, Ex. 1). In total, this removes 39 hours from the number billed by the attorney and 32.1 hours from the number billed by the paralegal. (*Id.*)

In Exhibit 2: Plaintiff's Initial Disclosures, Plaintiff's Expert Disclosure, and Defendant's Designation of Testifying Experts. (Docket no. 76, Ex. 2). This removes 41.5 hours from the number billed by the attorney and 48 hours from the number billed by the paralegal. (*Id.*)

In Exhibit 3: the deposition of Plaintiff (Deposition 1). (Docket no. 76, Ex. 3). This removes 33.2 hours from the number billed by the attorney and 16 hours from the number billed by the

paralegal. (*Id*.) Thus, the Court finds that 113.7 hours must be deducted from the lodestar calculation for the attorney and 96.1 hours must be deducted from the calculation for the paralegal.

Therefore, pursuant to the first factor in the lodestar calculation, the Court finds that the number of reasonably compensable hours spent on this case are as follows: (1) the attorney - 41.55 hours; and (2) the paralegal - 37.1 hours.

**B. Lodestar calculation – Reasonable hourly rate**

Having determined the number of reasonably compensable hours, the Court must now "select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Klevenhagen*, 927 F.2d at 930 (quoting *Sims v. Jefferson Downs Racing Ass'n.*, 778 F.2d 1068, 84 (5th Cir. 1985)). The Court must determine the prevailing market rates based upon the rates in the community in which the district court sits. *Tollet v. City of Kemah*, 285 F.3d 357, 68 (5th Cir. 2002). Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there. *See, e.g.*, *Watkins*, 7 F.3d at 458 (party seeking fees submitted "affidavits from other attorneys in the community showing prevailing market rates in the community").

Plaintiff asserts that $350/hour is a reasonable and customary rate for the type of work done in this case by the attorney and that $75/hour is appropriate for the paralegal. This Court has upheld similar, even higher, hourly rates for attorneys in similar cases. *See Meesook v. Grey Canyon Family Medicine, P.A.*, Civ. No. 5:13-cv-729-XR, 2014 WL 5040133 (W.D. Tex. October 8, 2014) (finding a rate of $400/hour to be reasonable for an attorney of similar prestige and experience in an FLSA case) (Rodriguez, J.); *Chacon v. City of Austin, Tex.*, Civ. No. A-12-CA-226-SS, 2015 WL 4138361, at *6 (July 8, 2015) (finding a rate of $450/hour in a § 1983 to be reasonable based on

nothing more than the lawyer's own affidavit stating his experience and credentials) (Sparks, J.) Similar cases have also upheld similar rates for paralegals. *See Chacon*, 2015 WL 4138361 at *11 (finding that an $85/hour rate for a paralegal was reasonable); *see also Gromer v. Mack*, Civ. No. 3:11-CV-0682-D, 2012 WL 28835, at *3 (N.D. Tex. January 4, 2012) (finding that a $135/hour rate for a paralegal was reasonable).

The Court therefore finds that the requested rates are reasonable. Accordingly, the Court calculates the lodestar at, and awards to Plaintiff, $17,325[1]:

> Attorney: 41.55 hours x $350/hour = $14,542.50
> Paralegal: 37.1 hours x $75/hour = $2,782.50

**C. *Johnson* Factors**

After calculating lodestar, the Court may decrease or enhance the amount of attorney fees based on the relative weights of the twelve factors found in *Johnson*. *See Saizan v. Delta Concrete Products, Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

To the extent that any factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d at 1047 (5th Cir. 1998).

Plaintiff makes arguments for all 12 of the *Johnson* factors in support of adjusting her attorney's fees upward. (Docket no. 76, p. 2-6). Some of the *Johnston* factors, the Court finds, were subsumed by the lodestar calculation (*e.g.*, time and labor required, skill required, attorney's customary fee, time constraints of the case, and the experience, reputation, and ability of the attorney) and thus will not be used to adjust the lodestar amount. *See Migis*, 135 F.3d at 1047. The

---

[1] Down from the original request of $200,000.00, and Plaintiff's lodestar estimate of $65,885.50.

rest of Plaintiff's arguments regarding the *Johnson* factors apply to Plaintiff's claims against the City of San Antonio and the SAPD Police Chief, not her claims against Neal as an individual and on which claims Neal defaulted. (*See* Docket no. 76, p.2-6). Therefore, considering all of the *Johnson* factors, the Court finds that an upward departure from the lodestar calculation is not appropriate in this case.

Plaintiff also argues that the reasonable nature of her contingency fee arrangement with the attorney justifies the additional attorney's fees. (Docket no. 76, p.1). As this default judgment involves the same set of facts and circumstances as the settlement with the City of San Antonio and the SAPD Police Chief, Plaintiff's counsel is asking for an hourly fee of $350/hour in lieu of a 40% contingency fee. (Docket no. 76, at 3). Again, this motion is not about what or how the Plaintiff will pay her attorney. This motion is about what the Court will order Neal to pay the attorney and do not implicate the validity of the agreement. These fees are not meant to take the place of Plaintiff's contingency payment to her attorney. The contingency-fee agreement between the Plaintiff and her attorney has nothing to do with the attorney's fees Neal must pay under 42 U.S.C. § 1988. *Venegas*, 495 U.S. at 90. Thus, the contingency fee agreement does not impact the Court's determination of attorney's fees in this case. Plaintiff is awarded the adjusted lodestar calculation: $17,325.00.

**D. Costs**

Additionally, Plaintiff asked for costs in the amount of $25,006.53 in costs spent prosecuting the case. Plaintiff attached an exhibit to the affidavit ("Itemization of Court Costs"). Docket no. 72 Ex. 1. However, the itemization of costs only included $9,339.42 in deposition, serving, and filing fees. *Id*. Further, the listing of costs include those that did not pertain to Neal, but the claims

against the City and Chief McManus. The Court will grant costs as they relate to Neal. Therefore, the Court grants costs for: $85 to serve Neal with a process server, $407.38 for Western District of Texas filing fees, $39.80 for Pacer fees, and $398.63 for Plaintiff's deposition. The Court therefore grants a total of $930.81 in costs to Plaintiff from Neal.

### IV. Conclusion

Plaintiff's Motion for Attorney's Fees and Costs (docket nos. 72 and 76) is GRANTED in part and DENIED in part. Plaintiff is awarded reasonable attorney's fees in the amount of $17,325.00 and costs in the amount of $930.81.

It is so ORDERED.

SIGNED this 24th day of July, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE